IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLYDE ALEXANDER LONT,**<br>　　　　　Petitioner, | CIVIL ACTION |
| v. | |
| **JOHN WETZEL and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,**<br>　　　　　Respondents. | NO.  16-173 |

### MEMORANDUM  OPINION

　　　　*WHEREAS* on December 15, 2016 the Third Circuit Court of Appeals issued an Order concerning Petitioner Clyde Alexander Lont's Notice of Appeal from an August 8th, 2016 Order of this Court adopting the Report and Recommendation of Magistrate Judge Linda K. Caracappa, dismissing Lont's petition for Writ of Habeas Corpus, finding no probable cause to issue a certificate of appealability and marking the case closed for statistical purposes (ECF No. 15);

　　　　*WHEREAS* on January 13, 2016, Lont filed a Petition for Writ of Habeas Corpus;

　　　　*WHEREAS* on January 27, 2016, the matter was referred to Magistrate Judge Caracappa;

　　　　*WHEREAS* on July 22, 2016 Magistrate Judge Caracappa issued a Report and Recommendation recommending that the petition be denied and dismissed;

　　　　*WHEREAS* a Notice of Appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed.  Fed. R. App. 4(a)(1)(A);

　　　　*WHEREAS* on September 13, 2016, more than thirty days after this Court's August 8, 2016 Order, Lont filed a Notice of Appeal with the Third Circuit Court of Appeals;

　　　　*WHEREAS* the Third Circuit's Order stated that Lont's filing was not a "simple" Notice of Appeal in that it potentially alleges "excusable neglect or good cause" and instructed this Court to consider the Notice as a Motion for Extension of Time under Rule 4(a)(5)(A)(ii) of the Federal Rules of Appellate Procedure;

  **WHEREAS** Rule 4(a)(5)(A)(ii) provides that "regardless of whether its motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires [if] that party shows excusable neglect or good cause," the district court may extend the time to file a notice of appeal;

  **WHEREAS** in determining whether neglect is "excusable" the district court must weigh the equities including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Kanoff v. Better Life Renting Corp.*, 350 Fed. App'x 655, 657 (3d Cir. 2009) (citation omitted).

  **WHEREAS** Lont attached to his Notice of Appeal copies of two letters to the Interim Clerk of Court of the Eastern District of Pennsylvania and an envelope addressed to the Interim Clerk of Court;

  **WHEREAS** the first letter, dated August 29, 2016, purports to enclose for filing a Notice of Appeal from the August 8, 2016 Order;

  **WHEREAS** the second letter, dated September 12, 2016, reads in pertinent part as follows:

> Enclosed herewith you will find for re-filing the original of my Notice of Appeal from the August 8, 2016 Order entered in this matter, dismissing my Petition for Writ of Habeas Corpus, which was originally sent to your office for filing on August 29, 2016, but inexplicably returned to me as "undeliverable" by the United States Postal Service. Having been originally placed in the prison mail system at my present place of confinement prior to expiration of the September 8, 2016 deadline in this case, pursuant to the "prison mailbox rule," my Notice of Appeal should be deemed "timely filed.

  **WHEREAS** the copy of the envelope bears a date of September 13, 2016 and a stamp indicating that it went through the United States Marshall Services x-ray process. The Court concludes from the date on the envelope that it enclosed the September 12, 2016 letter;

  **WHEREAS** the Notice of Appeal does not attach an envelope date stamped on or about August 29, 2016 or an envelope that is marked "undeliverable" by the United States Postal Service. Absent such an envelope and/or a sworn explanation of why a copy of the envelope is not attached, the Court questions the credibility of Lont's statement in his September 12, 2016

letter that he sent a Notice of Appeal in a timely manner but that it was "inexplicably returned . . . as 'undeliverable' by the United States Postal Service." However, given that Lont is representing himself, that the delay in filing the Notice of Appeal was minimal and that none of the respondents here would be impacted by the late filing, I shall grant the Rule 4(a)(5)(A)(ii) motion for an extension of time for Petitioner to File his Notice of Appeal and deem that the Notice of Appeal was timely filed on September 13, 2016.

      An appropriate order follows.

**BY THE COURT:**

**/S/WENDY BEETLESTONE,  J.**

_____
**WENDY BEETLESTONE, J.**

**Date**:  December 19, 2016